UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID SIDES,<br><br>Plaintiff,<br><br>v.<br><br>DR. SEYED S. HOSSEINI, et al.,<br><br>Defendants. | Case No. CV 22-08334-DMG (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On November 14, 2022, Plaintiff filed a *pro se* civil rights complaint and a request to proceed without prepayment of the full filing fee. [Doc. # 1–2.] On December 5, 2022, the Court dismissed the complaint with leave to amend due to various identified defects and deferred ruling on the request. [Doc. # 4.]

On February 8, 2023, Plaintiff filed a First Amended Complaint. [Doc. # 9.] On March 10, 2023, the Court granted Plaintiff's request. [Doc. # 10.] Service of process was ordered. Two of the Defendants thereafter filed motions to dismiss the First Amended Complaint. [Doc. ## 26, 38.] Following briefing, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation [Doc. # 49], which found that: one named Defendant (Dr. Saroj Gulani) should be dismissed without prejudice for failure to serve process; another Defendant (Dr. Alan Delman) should be dismissed with prejudice, because the First Amended Complaint failed to

state, and could not state, a viable claim for relief against him; and the First Amended Complaint also failed to state a viable Eighth Amendment-based *Bivens* claim for relief against the third Defendant (Dr. Seyed S. Hosseini) but that leave to amend should be granted as to this Defendant. Plaintiff did not file Objections to the Report. On June 6, 2024, the Court issued an Order accepting the Report and dismissing the First Amended Complaint with leave to amend to allow Plaintiff to attempt to plead an Eighth Amendment-based *Bivens* claim for relief against Defendant Dr. Hosseini. [Doc. # 50, "June 6 Order."] The June 6 Order advised Plaintiff that if he wanted to have this case proceed, he must file a Second Amended Complaint within 30 days that corrects the defects of the First Amended Complaint identified in the Report.

The Second Amended Complaint was required to be filed by no later than July 6, 2024. To date, a Second Amended Complaint has not been filed. It is now well past Plaintiff's deadline for complying with the June 6 Order, and he has not done so, nor has he requested an extension of time to do so or otherwise communicated with the Court.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the fifth factor, the general policy favoring resolution of cases on the merits, cannot be said to favor retention of this action on the Court's docket. As explained in the Report, the First Amended Complaint was defective in its entirety.

While the Report recommended that leave to amend be granted to allow Plaintiff to attempt to plead a viable Eighth Amendment-based claim against one Defendant only, the Magistrate Judge noted that absent substantial amendment and clarification, Plaintiff's vague, uncertain, and inconsistent allegations, read in light of the First Amended Complaint's incorporated exhibits, could not plead a plausible theory for relief. The Court agrees that there is substantial doubt that the defects identified in the Report could be rectified with amendment. Apparently Plaintiff concurs, given his failure to attempt amendment. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228 ("this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction").

Plaintiff's noncompliance with the June 6 Order necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"). There is no extant operative complaint in this action due to Plaintiff's inaction, and thus, the case is stalled and unable to proceed.

The third factor – possible prejudice to the opposing party – is, at best, neutral to Plaintiff. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. Plaintiff has been told what he needs to do to allow this case to survive, but he appears to lack any further interest in pursuing this case. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by

three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this action is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: November 7, 2024

_____
DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE